MATILDA SHIELDS, Plaintiff, *v.* NEW YORK OIL BURNER COMPANY et al., Defendants.

Supreme Court, Special Term, Westchester County, June 11, 1943.

*Milton W. Levy* for New York Oil Burner Company, defendant.

*Frank Case Hayden* for plaintiff.

*J. Henry Esser* for Suburban Fuel Oil Service, Inc., defendant.

Nolan, J. Motion by defendant New York Oil Burner Company for a stay, pursuant to section 1520 of the Civil Practice Act, denied. The rule laid down in that section has been, and ordinarily is, applied when a second action is commenced, between the same parties, involving the same subject matter, before payment of costs awarded in the first action. The rule will be enforced unless special circumstances are presented which indicate that an exception should be made. The plaintiff was successful in a former action against this defendant, based on fraud. On appeal, the judgment which she recovered was reversed on the ground that the fraud alleged in her complaint was with respect to promises to do certain things in the future and it was held that defendant's promises could be enforced, if at all, only by an action on the contract (262 App. Div. 854, appeal dismissed 288 N. Y. 22). This motion involves an action for breach of the contract in question. The jury in the previous action evidently found that the promissory statements alleged in the complaint were made by defendant and were false. Presumably, a jury will so find again, if the same evidence shall be submitted. The plaintiff is, apparently, unable to pay costs awarded in full at this time and is making installment payments thereof to the best of her ability. It is stated by her that the defendant New York Oil Burner Company has discontinued its business and that its assets have been transferred to the other defendant named in this action. Presumably, if plaintiff shall be successful, defendant will be able to offset against any recovery by her the balance remaining unpaid of its present judgment. It would appear that there are presented in this case special circumstances which justify an exception to the rule. Settle order on notice.